UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Luis Polo, being duly sworn, do hereby depose and state the following:

1. I am a Border Patrol Agent with the United States Border Patrol and have been so employed since March 27, 2006. As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into United States. I attended the Federal Law Enforcement Training Center at Artesia, New Mexico, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters. Furthermore, I also received training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2. Investigation reveals that, on Thursday, January 12, 2023, **Carlos Antonio RAMIREZ-OGANDO** (also known as Yonathan Rodriguez; Carlos Ramirez; Carlos Ramirez-Oganda; Carlos Ramirez-Ogando; Melvin L. Rivera-Velazquez) was found illegally present in the United States at or near Aguada, Puerto Rico. Therefore, this Affidavit is made in support of a Criminal Complaint against **RAMIREZ-OGANDO** based on violation of **Title 8, _United States Code_, Section 1326(a) and (b)(2)**. **RAMIREZ-OGANDO** attempted to re-enter the United States after being previously removed.

3. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

1

## PROBABLE CAUSE

4. On Thursday, January 12, 2022, at approximately 12:15a.m., United States Border Patrol (USBP) Ramey Sector Mobile Surveillance Capability operator observed a target of interest (TOI) without navigational lights approximately four (04NM) nautical miles northwest of Aguada, Puerto Rico.

5. BPA operating the MSC coordinated an intercept of the vessel with a Puerto Rico Police Bureau (PRPB) marine unit (FURA).

6. FURA intercepted the vessel at sea at approximately five (05NM) nautical miles from shore off Aguada, Puerto Rico.

7. The detected / intercepted vessel was described as a homemade vessel, blue in color, powered by one outboard engine.

8. On the intercepted vessel were found approximately five non-citizen subjects on board. Four males from the Dominican Republic and one male from Colombia.

9. FURA marine unit contacted USCG to transfer to transfer all subjects to their cutter due to Safety of Life at Seas (SOLAS).

10. No USCG cutter was available to respond, reason why all subjects were transported by sea to PRPD-FURA station located in Añasco, Puerto Rico.

11. USBP Ramey Station Agents responded to the area to assume custody of all subjects.

12. Upon arrival, Border Patrol Agents identified themselves as immigration officers and questioned all subjects, including **RAMIREZ-OGANDO**, as to their immigration status in the United States.

13. All subjects freely stated and admitted to being citizen and nationals of the

2

Dominican Republic and Colombia without valid immigration documents to enter, to be in, or to remain in the United States legally.

14. All subjects, including **RAMIREZ-OGANDO**, were arrested and transported to Ramey Border Patrol Station for further investigation, processing, and removal proceedings.

15. At the Ramey Station, all subjects, including **RAMIREZ-OGANDO's** photograph and fingerprints were taken and entered into different law enforcement databases. Record Checks revealed that **RAMIREZ-OGANDO** has prior immigration and criminal history information.

16. As to **RAMIREZ-OGANDO's,** immigration and criminal history records show as follows:

   a) On April 11, 2000, **RAMIREZ-OGANDO** was encountered after being intercepted at sea, illegally attempting to enter the United States at or near Puerto Rico, by boat. **RAMIREZ-OGANDO** was convicted of assaulting a United States Coast Guard officer while the officer was in the performance of his dutiesOn April 20, 2000, **RAMIREZ-OGANDO** was sentenced to time served.

   b) On June 02, 2000, **RAMIREZ-OGANDO** was ordered deported by an Immigration Judge. On July 11, 2000, **RAMIREZ-OGANDO** was deported to the Dominican Republic from the Port of San Juan, Puerto Rico.

   c) At an unknown place and date, **RAMIREZ-OGANDO** re-entered the United States through Puerto Rico.

   d) On June 01, 2002, **RAMIREZ-OGANDO** was encountered by PRPB officers and arrested for a firearms violation. **RAMIREZ-OGANDO's**

firearm's case was dismissed at the Carolina, Puerto Rico Municipal Court. **RAMIREZ-OGANDO** was referred to Immigration and Customs Enforcement (ICE) for processing and removal proceedings. In addition, **RAMIREZ-OGANDO** was charged with 8 USC Section 1326 (a) – Reentry of removed aliens.

e) On June 13, 2002, **RAMIREZ-OGANDO** was ordered deported by an Immigration Judge.

f) On November 14, 2002, **RAMIREZ-OGANDO** was sentenced to Time Served.

g) On December 13, 2002, **RAMIREZ-OGANDO** was deported to the Dominican Republic from the Port of San Juan, Puerto Rico.

h) On January 27, 2003, **RAMIREZ-OGANDO** was encountered by PRPB Boqueron Maritime Unit, after being intercepted at sea, three nautical miles southeast of Desecheo Island, Puerto Rico. **RAMIREZ-OGANDO** was criminally charged under 8 USC Section 1326 (b)(2) – Reentry of removed aliens subsequent to an aggravated felony conviction. On June 13, 2003, **RAMIREZ-OGANDO**, was sentenced to 16 months imprisonment and a supervised release term of three years.

i) On October 20, 2004, **RAMIREZ-OGANDO's** final deportation order was reinstated.

j) On November 17, 2004, **RAMIREZ-OGANDO** was physically removed from the United States to the Dominican Republic from the Port of New Orleans, Louisiana.

k) On April 21, 2006, **RAMIREZ-OGANDO** re-entered the United States near Cabo Rojo, Puerto Rico. **RAMIREZ-OGANDO** (under the name of Yonathan Rodriguez) was criminally charged under 8 USC Section 1326(b)(1). **RAMIREZ-OGANDO's** final order of removal / deportation was once again reinstated.

l) On December 22, 2008, **RAMIREZ-OGANDO** was sentenced to 46 months imprisonment and three years of supervised release.

m) On October 28, 2009, **RAMIREZ-OGANDO** was physically removed from the United States to the Dominican Republic from the Port of New Orleans, Louisiana.

17. Border Patrol Agents advised **RAMIREZ-OGANDO** of his right to legal representation and his right to speak with the Consul of his native country, Dominican Republic. **RAMIREZ-OGANDO** re-entered the United States at a place other than a designated port of entry.

18. **RAMIREZ-OGANDO** does not have any immigration documents allowing him to enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, **RAMIREZ-OGANDO** was not inspected, admitted, or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

19. **RAMIREZ-OGANDO** does not have any petitions pending with the Bureau of Citizenship & Immigration Services.

20. Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of a violation of federal law by the above-mentioned subject, to wit, a violation of Title 8, *United States Code,* Section 1326(a) and (b)(2).

_____
Luis Polo
Border Patrol Agent

Subscribed and Sworn before me pursuant to FRCP 4.1 at 1:24 PM by telephone, this 13th day of January 2023.

_____
Honorable Marshal D. Morgan
United States Magistrate Judge
District of Puerto Rico